**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **BRANDON CASE, INDIVIDUALLY, AND AS HEIR TO THE ESTATE OF WALTER CASE JR., DECEASED** | § § § § | |
| **v.** | § | **CIVIL NO. 6:24-cv-00432** |
| **ARMIN AHMETOVIC AND KY EXPRESS, LLC** | § § § | |

**<u>JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT</u>**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff, Brandon Case, and Defendants KY Express LLC and Armin Ahmetovic submit the following Report and Discovery Plan:

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Plaintiff alleges that Defendants' negligence proximately caused an automobile accident, through which the Decedent, Walter Case Jr, passed away. Plaintiff alleges that Defendants' were negligent in failing to properly maintain the tires and vehicle the Decedent operated at the time of the accident. Plaintiff seeks damages as wrongful death beneficiary and heir to the Decedent's estate. Plaintiff further seeks exemplary damages via gross negligence.**

**Defendant Armin Ahmetovic has answered, and alleges that the Decedent's negligence caused or contributed to the accident and his damages; that Plaintiff failed to state a claim upon which relief can be granted as to the gross negligence claims for exemplary damages; and that Defendants' negligence did not cause the accident and/or damages.**

**Defendant KY Express LLC has filed a pre-answer motion to dismiss challenging the Court's exercise of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). No counterclaims have been made by any party, nor are any counterclaims anticipated at this time. The parties reserve the right to file counterclaims once discovery is conducted.**

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

**Defendant KY Express LLC has challenged the Court's exercise of personal jurisdiction over it by motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).**

a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the diversity of the parties and the amount in controversy.

**Yes.**

b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

**Yes.**

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?

**There are no unserved parties.**

4. Are there agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**None at this time.**

5. Are there any legal issues in this case that can be narrowed by agreement or motion?

**None by agreement at this time. Defendant Armin Ahmetovic's motion to dismiss Plaintiff's claim for exemplary damages by gross negligence is currently pending before the Court. Defendant KY Express LLC has challenged the Court's exercise of personal jurisdiction over it by motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).**

6. Are there any issues about preservation of discoverable information?

**None at this time.**

7. Are there any issues about disclosure or discovery of electronically stored information ("ESI")? In what forms should ESI be produced and will production include metadata?

**None at this time.**

8. What are the subjects on which discovery may be needed?

**The parties expect discovery to be conducted on the facts of the accident, the Plaintiff's alleged damages and any other causes of action or claims made in this lawsuit.**

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

**No. However, the parties expect to make their disclosures promptly in accordance**

**with the rules following their Rule 26(f) conference.**

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

**No discovery has been completed. The parties do not anticipate a need to limit discovery or conduct discovery in phases. The parties estimate discovery will take 6-8 months.**

11. Have the parties discussed early mediation?

**Not at this time.**

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**Not at this time.**

13. Have the parties considered seeking entry of a confidentially and protective order? (*See* Local Rules Appendix H-1 and Appendix H-2 for examples of confidentially and protective orders for use in "standard" and "complex" cases.)

**The parties plan to use the Standard Western District Protective Order in this case.**

14. What, if any, discovery disputes exist that require the Court's attention at the time of the IPC?

**No discovery dispute exists at this time.**

Respectfully submitted this 24th day of October, 2024,

*/s/ Sadat Montgomery*_________________
Regina Palmer-Coleman
State Bar No: 2416873
Sadat Montgomery
State Bar No: 24079893
MONTGOMERY LAW, PLLC
2777 North Stemmons Freeway, Suite 1525
Dallas, Texas 75207
Telephone: (214) 720-6090
Facsimile: (877) 669-8520
lit@montgomeryfirm.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Bijan R. Siahatgar*
Frank J. Catalano
State Bar No. 24052991
CLARK HILL PLC
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
Telephone: (469) 287-3917 [Direct]
Telephone: (469) 287-3900
Facsimile: (469) 227-6557
Cell phone: (214) 277-1585
fcatalano@clarkhill.com

-and-

Bijan R. Siahatgar
State Bar No. 18336200
CLARK HILL PLC
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 951-5600
Facsimile: (713) 951-5660
Bsiahatgar@clarkhill.com
**ATTORNEYS FOR DEFENDANT,**
**KY EXPRESS LLC**

*/s/ Larry D. Warren*
LARRY D. WARREN
State Bar No. 20888450
FBN: 13339
RYAN D. VEREEN
State Bar No. 24136592
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350 [Warren]
Facsimile: (210) 785-2950 [Warren]
lwarren@namanhowell.com
**ATTORNEYS FOR DEFENDANT,**
**ARMIN AHMETOVIC**