IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DAKOTA CASE, INDIVIDUALLY, § <br> AND AS HEIR TO THE ESTATE OF § <br> WALTER CASE JR., DECEASED, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ARMIN AHMETOVIC AND § <br> KY EXPRESS, LLC, § <br> *Defendants*. § | CIVIL NO. 6:24-CV-00432-ADA-JCM |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**DAKOTA CASE**, Individually and as Heir to the Estate of Walter Case Jr., Deceased ("Plaintiff"), files his amended complaint against **ARMIN AHMETOVIC AND KY EXPRESS, LLC** ("Defendants"), and for causes of action would respectfully show the Court and jury:

### I.   DISCOVERY

1.01   Discovery in this matter will be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

1.02   Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### II.   PARTIES AND SERVICE

2.01   **PLAINTIFF, DAKOTA CASE**, is an individual and natural person who resides in and at all times relevant in Franklin County, Washington. The first three digits of Plaintiff's social security number are 972. Plaintiff's date of birth is 07/1989.

2.02   DEFENDANT, **ARMIN AHMETOVIC**, is an individual resident of Warren County, Kentucky. The Defendant's date of birth is 05/1988. The first three digits of Defendant's social security number are 404. He may be served with process at his usual place of residence at the

following address: 126 Briar Creek Rd., Rockfield, KY 42274, or wherever he may be found. **Defendant has been served and filed an answer.**

2.03    DEFENDANT, **KY EXPRESS, LLC**, is a Kentucky corporation engaged and doing business in Texas at all times relevant to the events in question. Its principal place of business is located at 2722 Russellville Rd., Bowling Green, KY, 42101. It may be served with process through its President and registered agent, Kemal Hrvacic, located at 2722 Russellville Rd., Bowling Green, KY, 42101. **Defendant has been served and filed an answer.**

### III.    JURISDICTION AND VENUE

3.01    This Court has jurisdiction over this dispute, the amount in question being in excess of the jurisdictional minimum of this Court.

3.02    Venue for this action is proper in Bell County, because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.    FACTS

4.01    On or about May 25, 2023, on IH 35 in Bell County, Texas, Walter Case Jr. was driving a semi-truck, owned by Armin Ahmetovic, as an employee of KY Express, LLC when he lost control of the vehicle and struck a concrete barrier. As a result of the impact, Walter Case Jr. was ejected from the vehicle and subsequently died from the injuries sustained.

4.02    At the time of the incident, Walter Case Jr. had allegedly reported issues with the truck to his employer, KY Express, LLC, including concerns about the truck's tires. The tires were allegedly spares not intended for lengthy travel, which contributed to the loss of control.

4.03    As a result of the incident and subsequent death of Walter Case Jr., Plaintiff suffered severe and substantial emotional trauma.

4.04    Defendants had the duty, ability, and opportunity to discover and/or prevent the dangerous condition(s) causing the incident. There may be other parties that likewise had such a duty but nevertheless neglected that duty.

4.05    The death of Walter Case Jr. was not caused by or contributed to by him, nor did the same

occur through any fault or negligence on his part, but was proximately caused by the acts, wrongs, and/or omissions of Defendants and possibly others which acts, wrongs, and/or omissions were a proximate cause of the injuries and death sustained by Walter Case Jr. and the emotional trauma suffered by Plaintiff.

## V.  NEGLIGENCE

5.01    Plaintiff incorporates all the allegations set forth in the preceding and subsequent paragraphs hereof as if set forth verbatim herein.

5.02    Defendants had common-law and statutory duties to maintain their vehicle in a reasonable and prudent manner. They negligently breached the duty of care in the following ways:

- failing to maintain the vehicle in a safe condition;
- failing to properly address and rectify reported issues with the vehicle's tires;
- providing a vehicle with spare tires not intended for lengthy travel;
- failing to ensure the vehicle was safe for operation on public highways; and
- in all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

5.03    Defendants' breach of duty proximately caused Plaintiff's injuries resulting in his damages.

## VI.    DAMAGES AS A RESULT OF THE NEGLIGENCE OF DEFENDANTS

6.01    Plaintiff would show that as a result of the negligence and gross negligence of Defendants and possibly others, Walter Case Jr. experienced pain, suffering, physical impairment, disfigurement, and/or mental anguish in the past.

6.02    Plaintiff, individually and as the heir to the estate of Walter Case Jr., is entitled to recovery of past and future damages as follows: physical pain; physical impairment; mental pain and anguish; reasonable and necessary medical expenses; lost wages and earning capacity; loss of enjoyment of life; loss of enjoyment of social and recreational activity; physical disfigurement; loss of household services; interest at the legal rate both pre-judgment and post-judgment; costs of court; and such other relief both general and special at law and in equity to which Plaintiff, individually and as the heir to the estate of Walter Case Jr., may justly be entitled.

6.03    Plaintiff would further show that Walter Case Jr. was gainfully employed at the time of the incident in question and has suffered damages from loss of earnings and loss of earning

capacity in the past and in the future.

6.04   Plaintiff, individually and as the heir to the estate of Walter Case Jr., has been made to suffer and sustain at the hands of Defendants and others damages within the jurisdictional limits of this Court and in such amount as the evidence may show proper at the time of trial.

## VII.   WRONGFUL DEATH

7.01   Plaintiff incorporates all the allegations set forth in the preceding and subsequent paragraphs hereof as if set forth verbatim herein.

7.02   Plaintiff is the surviving biological son of Walter Case Jr. Walter Case Jr. died as a result of the wrongful conduct of Defendants and possibly others.

7.03   Defendants' conduct that caused Walter Case Jr.'s death was a producing cause of the injury to Plaintiff which resulted in damages. Pursuant to TEX. CIV. P. & REM. CODE§§ 71.002(b), 71.004(b), 71.009, and 71.010, Plaintiff is entitled to recover from Defendant the actual damages attributable to the wrongful death of Walter Case Jr., including but not limited to loss of companionship and society, loss of consortium, mental anguish, loss of inheritance, court costs, pre-judgment and post-judgment interest, and/or pecuniary losses, including but not limited to expenses for psychological treatment and funeral expenses.

7.04   Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## VIII.   SURVIVAL ACTION

8.01   Plaintiff incorporates all the allegations set forth in the preceding and subsequent paragraphs hereof as if set forth verbatim herein.

8.02   Plaintiff is the surviving biological son of Walter Case Jr. and is the heir to the estate of Walter Case Jr. Walter Case Jr. would have been entitled to bring this action against Defendants if he had lived.

8.03   Walter Case Jr., before dying, had a cause of action for the personal injuries sustained as a result of the negligence of Defendant and possibly others which could have been brought against Defendants by Walter Case Jr. Defendants' wrongful acts and/or omissions caused Walter Case Jr.'s injuries and subsequent death.

8.04   Additionally, there are other persons and entities whose wrongful acts and/or omissions may have caused Walter Case Jr.'s injuries and subsequent death. Pursuant to TEX. CIV. PRAC. & REM. CODE § 71.021, this action for the personal injuries sustained by Walter Case Jr. survives his death. This statute permits Plaintiff in his capacity as the

surviving son of Walter Case Jr. and as the heir to the estate of Walter Case Jr. to prosecute and recover compensatory and exemplary damages for the claims set forth above.

8.05   Accordingly, Plaintiff seeks such damages under loss, including but not limited to damages suffered by Walter Case Jr., Walter Case Jr.'s estate, the mental anguish and pain and suffering of Walter Case Jr., funeral expenses, exemplary damages, pre-judgment and post-judgment interest, and court costs.

8.06   Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## IX.   CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.01   Plaintiff herein claims interest in accordance with TEXAS FINANCE CODE § 304.001 et seq. and any other applicable laws for pre-judgment and post-judgment interest for all elements of damages for which such interest is allowed.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **DAKOTA CASE**, individually and as heir to the estate of Walter Case Jr., deceased, respectfully requests:

- Compensatory damages;
- Exemplary damages as to Defendants;
- Costs of suit;
- Pre-judgment and post-judgment interest as provided by law; and
- Such other and further relief both general and special at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

MONTGOMERY LAW, PLLC

*/s/ Sadat Montgomery*
SADAT MONTGOMERY
Bar No. 24079893
2777 North Stemmons Freeway
Suite 1525
Dallas, TX 75207
P: (214) 720-6090
F: (877) 669-8520
E: lit@montgomeryfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Sadat Montgomery*
SADAT MONTGOMERY